IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FRANK WILSON, JR.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-1913-L |
| | § | |
| **JAY S. CANTWELL AND** | § | |
| **WATERJET TECH, INC.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants Jay S. Cantwell and Waterjet Tech, Inc.'s Rule 12(b)(6) Motion to Dismiss with Brief in Support, filed May 8, 2007. After careful review of the motion, response, record, and applicable authority, the court **denies** Defendants Jay S. Cantwell and Waterjet Tech, Inc.'s Rule 12(b)(6) Motion to Dismiss.

**I.  Factual and Procedural Background**

Plaintiff Frank Wilson, Jr. ("Plaintiff" or "Wilson") filed this diversity action for declaratory judgment, breach of fiduciary duty, breach of contract, injunctive relief, and quantum meruit on October 17, 2006, against Defendants Jay S. Cantwell ("Cantwell") and Waterjet Tech, Inc. ("Waterjet") (collectively, "Defendants"). This case arises from an alleged business arrangement to patent, produce, and market products incorporating Direct Part Marking ("DPM") technology. Compl. ¶ 6. Wilson asserts that, in the early 1990s, he and Cantwell orally established an enterprise or partnership, jointly owned and controlled by them, to patent, produce, and market products using DPM technology. *Id.* ¶¶ 6-7. Wilson also contends Defendant Waterjet was established in furtherance of these efforts. *Id.* ¶ 9. Wilson asserts Cantwell procured patents related to DPM

technology in his name only when the alleged joint enterprise was the rightful patent owner. *Id.* ¶ 12. Wilson argues that he and Cantwell should co-own the DPM patents and Waterjet assets. *Id.* ¶ 16. Defendants deny Wilson's allegations and refuse to recognize his right to produce or sell products incorporating DPM technology. Neither party disputes that Cantwell is the named holder of the patents at issue: Patent Nos. 6666257, 6666255, and 6220333.

The parties agree Wilson provided funds to Cantwell at some unspecified time or times. Wilson asserts he provided over $500,000 working capital to the enterprise. *Id.* ¶ 8. Defendants contend Wilson simply loaned an unknown amount of money to Cantwell, but deny that any payment of money was pursuant to an agreement giving Wilson rights to the DPM patents or any related business or profits. Wilson contends Defendants' refusal to recognize his rights to the DPM patents and the alleged joint enterprise impedes him from proceeding with business opportunities and could allow Cantwell to improperly transfer or license the patents at issue. *Id.* ¶¶ 13, 31. On May 8, 2007, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Wilson failed to state a claim upon which relief could be granted.

## II.     Motion to Dismiss Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could

technology in his name only when the alleged joint enterprise was the rightful patent owner. *Id.* ¶ 12. Wilson argues that he and Cantwell should co-own the DPM patents and Waterjet assets. *Id.* ¶ 16. Defendants deny Wilson's allegations and refuse to recognize his right to produce or sell products incorporating DPM technology. Neither party disputes that Cantwell is the named holder of the patents at issue: Patent Nos. 6666257, 6666255, and 6220333.

The parties agree Wilson provided funds to Cantwell at some unspecified time or times. Wilson asserts he provided over $500,000 working capital to the enterprise. *Id.* ¶ 8. Defendants contend Wilson simply loaned an unknown amount of money to Cantwell, but deny that any payment of money was pursuant to an agreement giving Wilson rights to the DPM patents or any related business or profits. Wilson contends Defendants' refusal to recognize his rights to the DPM patents and the alleged joint enterprise impedes him from proceeding with business opportunities and could allow Cantwell to improperly transfer or license the patents at issue. *Id.* ¶¶ 13, 31. On May 8, 2007, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Wilson failed to state a claim upon which relief could be granted.

## II.     Motion to Dismiss Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could

technology in his name only when the alleged joint enterprise was the rightful patent owner. *Id.* ¶ 12. Wilson argues that he and Cantwell should co-own the DPM patents and Waterjet assets. *Id.* ¶ 16. Defendants deny Wilson's allegations and refuse to recognize his right to produce or sell products incorporating DPM technology. Neither party disputes that Cantwell is the named holder of the patents at issue: Patent Nos. 6666257, 6666255, and 6220333.

The parties agree Wilson provided funds to Cantwell at some unspecified time or times. Wilson asserts he provided over $500,000 working capital to the enterprise. *Id.* ¶ 8. Defendants contend Wilson simply loaned an unknown amount of money to Cantwell, but deny that any payment of money was pursuant to an agreement giving Wilson rights to the DPM patents or any related business or profits. Wilson contends Defendants' refusal to recognize his rights to the DPM patents and the alleged joint enterprise impedes him from proceeding with business opportunities and could allow Cantwell to improperly transfer or license the patents at issue. *Id.* ¶¶ 13, 31. On May 8, 2007, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Wilson failed to state a claim upon which relief could be granted.

## II.     Motion to Dismiss Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could

be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Analysis

#### A. Declaratory Judgment

Wilson seeks a declaration of the following: he and Cantwell "entered into an oral partnership or joint venture;" he and Cantwell co-own all assets of WaterJet as property of the partnership or joint venture, or the property should be held in a constructive trust; and "the patents governing the DPM products are property of the partnership/joint venture or, in the alternative, are exclusively and perpetually licensed to [it]." Compl. ¶ 16. Defendants contend Wilson is not entitled to a declaratory judgment because he has not pleaded an actual, substantial controversy.

In considering the standard for granting a declaratory judgment, the Fifth Circuit has stated:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (internal citations and punctuation omitted).

Here, Wilson wishes to recover the funds he provided, receive profits, and produce and sell DPM products incorporating the patents at issue, and Defendants contest the circumstances surrounding the provision of funds and refuse to recognize Wilson's rights to receive profits and

produce and sell the products. Compl. ¶ 13; Answer ¶ 13. Wilson alleges Defendants' refusal to recognize his rights related to the patents and partnership has resulted and continues to result in lost sales, profits, and business opportunities. Compl. ¶ 27. He also asserts that he faces a continuing risk of future harm because Defendants could sell or license the patents. *Id.* ¶ 31. Thus, Wilson has alleged more than a past injury; there is a continuing, real, and immediate controversy that creates a definite threat of future injury. Furthermore, the past wrongs alleged against Cantwell, such as denying Wilson's rights to the DPM patents and Waterjet assets, demonstrate a continuing harm and a real and immediate threat of repeated injury in the future because Wilson is unable to receive profits, protect his patent rights, and produce and sell DPM products. Therefore, Wilson has adequately pleaded that he will suffer injury in the future. Accordingly, dismissal of Wilson's claim for declaratory judgment is inappropriate at this time.

### B. Breach of Fiduciary Duty

Wilson alleges that Cantwell, as a partner or joint venturer, owed Wilson a fiduciary duty and breached that duty by failing to transfer patents to the partnership or joint venture, hindering it from achieving its purpose, and mismanaging and wasting Wilson's financial investments. *Id.* ¶¶ 18-19. Defendants argue that Wilson's breach of fiduciary duty claim must be dismissed because no fiduciary relationship exists, as Wilson pleaded only that a "business relationship" amounting to a partnership or joint venture existed. Defendants also contend that Wilson did not allege sufficient facts to show breach of the purported fiduciary duty. In Texas, to prevail on a breach of fiduciary duty claim, a plaintiff must show the following: (i) the plaintiff and defendant had a fiduciary relationship; (ii) the defendant breached his fiduciary duty to the plaintiff; and (iii) that breach

resulted in either injury to the plaintiff or benefit to the defendant. *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999).

In his Complaint, Wilson alleges that a fiduciary relationship exists between him and Defendants based on the alleged partnership or joint venture. Compl. ¶ 18. Under Texas law, partners owe the partnership and partners the fiduciary duties of loyalty and care. Tex. Bus. Orgs. Code Ann. § 152.204(a) (Vernon 2006). Furthermore, partners must discharge their duties to partners and the partnership in good faith and in the best interests of the partnership. § 152.204(b). Thus, taking all well-pleaded facts as true, the partnership Wilson alleges in his Complaint would create a fiduciary relationship between Wilson and Defendants. Wilson further alleges that Cantwell breached his fiduciary duty to Wilson through numerous acts, including patenting DPM technology only in Cantwell's name. Compl. ¶¶ 19-20. Additionally, Wilson contends that he lost profits and incurred additional expenses, among other injuries, due to Cantwell's breach. *Id.* ¶ 20. The court determines that Wilson has alleged facts necessary to state a breach of fiduciary duty claim.

### C. Breach of Contract

Wilson alleges Cantwell is liable for breach of contract based on the following: he and Cantwell orally entered into a contract; Cantwell agreed to share "fruits of the DPM endeavors[;]" Wilson agreed to and did provide financial contributions; Cantwell breached the contract by failing to share title to the patents and control of Waterjet stock; and Wilson suffered lost sales and profits. *Id.* ¶¶ 23-27. Defendants argue that Wilson's claim for breach of contract cannot stand because he failed to plead sufficient facts to establish a contract existed. Namely, Defendants argue that Wilson "failed to demonstrate facts that support the existence of (1) an offer, (2) an acceptance of such offer, (3) mutual assent, and (4) consideration." Def. Mot. to Dismiss 4.

In order to state a claim for breach of contract, a plaintiff must allege the existence of a contract, plaintiff's compliance with its terms, breach, and damages. *See, e.g.*, *Valero Mktg. & Sup. Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Rule 8(a) does not require a plaintiff to plead these elements in detail, *see, e.g.*, *Arthur H. Richland Co. v. Harper*, 302 F.2d 324, 325-26 (5th Cir. 1962), and the official Forms to the Rules of Civil Procedure demonstrate that a valid contract complaint can be brief. *See* Fed. R. Civ. P. Official Forms 3, 4, 5, 12. The complaint, nonetheless, must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim. *American Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005). Wilson set forth sufficient facts to allege the existence of a contract, plaintiff's compliance with its terms, breach, and damages as set forth above. The court determines that the Complaint describes the alleged terms of the contract in a sufficiently specific manner to give Defendants notice of the nature of the claim. *See id.*

### D. Injunctive Relief

Wilson seeks to enjoin Defendants from transferring, assigning, or licensing the DPM patents to third parties other than those parties controlled by the partnership. Compl. ¶ 34. Defendants argue that Wilson pleaded insufficient facts on all elements to establish his claim for injunctive relief. To be entitled to injunctive relief, a plaintiff must demonstrate the following: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law; (iii) that greater injury will result from denying the injunction than from its being granted; and (iv) that an injunction will not disserve the public

interest. *Clark v. Prichard*, 812 F.2d 911, 993 (5th Cir. 1987); *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).

Wilson contends that the allegations set forth in his Complaint establish he will likely succeed on the merits at trial, he will suffer irreparable injury for which no adequate remedy at law exists, and granting injunctive relief will not violate public policy. Compl. ¶¶ 30-33. Wilson contends he will likely succeed on the merits at trial because he will show the parties created the partnership, intending it to be the developer and sole manufacturer and distributor of DPM technology and products. *Id.* ¶ 33. Wilson argues that should Defendants transfer or license DPM technology, he will suffer irreparable harm because securing title to the patents and identifying and recovering damages from improperly licensed parties may prove difficult or impossible. *Id.* ¶ 31. Wilson also asserts that improper licensing and transfer could result in irreparable harm due to the possibility that the time-sensitive technology will become obsolete. *Id.* Wilson argues these contentions show the harm to him outweighs any injury to Cantwell. *Id.* Additionally, he asserts that speedy enforcement of agreed upon rights and protection of intellectual property serve public policy. *Id.* ¶ 32. The court finds Wilson stated a claim for injunctive relief.

### E. Quantum Meruit

Wilson alleges he is entitled to recover as quantum meruit funds advanced to Cantwell should the court find the parties did not form a partnership. *Id.* ¶ 38. Defendants allege Wilson's quantum meruit claim fails because he did not plead facts supporting the element of reasonable notice of expectation of compensation. To prevail on a quantum meruit claim in Texas, a plaintiff must establish the following elements: (i) he provided valuable services or materials for the defendant; (ii) the defendant accepted the services or materials; and (iii) the defendant had reasonable notice that

the plaintiff expected compensation for the services or materials. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

Wilson pleaded that Cantwell had reasonable notice that Wilson expected compensation for his investments. Compl. ¶ 37. Wilson argues that since his Complaint asserted the parties agreed he would receive profits from the business arrangement, and Cantwell did not deny he accepted valuable goods and services from Wilson, such facts create a presumption that Wilson expected compensation. The court agrees that the facts alleged are sufficient to survive Defendants' motion to dismiss at the pleadings stage.

## IV. Conclusion

For the reasons stated herein, the court determines that Wilson has stated valid claims upon which relief could be granted for declaratory judgment, breach of fiduciary duty, breach of contract, injunctive relief, and quantum meruit against Defendants Jay S. Cantwell and Waterjet Tech, Inc. Accordingly, the court **denies** Defendants Jay S. Cantwell and Waterjet Tech, Inc.'s Rule 12(b)(6) Motion to Dismiss.

**It is so ordered** this 8th day of August, 2007.

Sam A. Lindsay
United States District Judge